# Exhibit A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS,
### DALLAS DIVISION

COACH, INC. AND COACH SERVICES, INC.,

        **Plaintiffs,**

    **v.**

PORTILLO MUNOZ CORPORATION D/B/A LA CABANA WESTERN WEAR AND ELVIRA PORTILLO,

        **Defendants.**

**Civil Action No. 3:11-cv-00612**

## ORIGINAL COMPLAINT

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), through their undersigned counsel, Fish & Richardson P.C., hereby files this Original Complaint requesting damages and injunctive relief, and upon personal knowledge as to its own acts and circumstances, and upon information and belief as to the acts and circumstances of others, alleges as follows:

### Nature of the Action

1.    This is an action for trademark and trade dress infringement, counterfeiting, false designation of origin and false advertising, and trademark dilution under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), (c), and (d)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 et seq.); injury to business reputation and trademark dilution under Section 16.29 of the Texas Business and Commerce Code ("T.B.C.C."); and trademark infringement, unfair competition and unjust enrichment under the common law of the State of Texas.

## Jurisdiction and Venue

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).   This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Texas.

4.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 (b) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.

6.      Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.

7.      Upon information and belief, Defendant Portillo Munoz Corporation is a domestic entity doing business under the assumed name La Cabana Western Wear, at 10788 Harry Hines Boulevard, Dallas, Texas 75220.   Defendant Portillo Munoz

Corporation d/b/a La Cabana Western Wear (Defendant "La Cabana") has its principal place of business in the State of Texas.  Defendant La Cabana may be served at 10788 Harry Hines Boulevard, Dallas, Texas 75220, or through its registered agent, owner, operator and managing agent, Elvira Portillo, at 2434 Engle Avenue, Dallas, Texas 75233-1514, or at 4426 Falls Drive, Dallas, Texas 75211.

8.      Defendant Elvira Portillo (Defendant "Portillo") is an individual residing in the State of Texas at 4426 Falls Drive, Dallas, Texas 75211.  Upon information and belief, Defendant Portillo owns and operates La Cabana Western Wear.  Defendant Portillo may be served with process at 4426 Falls Drive, Dallas, Texas 75211, at 10788 Harry Hines Boulevard, Dallas, Texas 75220, or at 2434 Engle Avenue, Dallas, Texas 75233-1514.

9.      Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## DEFENDANT ELVIRA PORTILLO'S LIABILITY

10.      Upon information and belief, Defendant Portillo is an individual residing in the State of Texas, who is and has been doing business as the owner and/or operator of, or in concert with, *inter alia*, Defendant La Cabana, and is liable for the infringing activities described herein.  At all relevant times, Defendant Portillo had the ability and right to supervise, direct, and control the infringing activities alleged in this Complaint

related to Defendant La Cabana.   Upon information and belief, Defendant Portillo
derived direct financial benefits from the infringing activities alleged in this Complaint
related to Defendant La Cabana.

### The World Famous Coach Brand and Products

11.     Coach was founded more than sixty years ago as a family-run workshop in
Manhattan.  Since then Coach has been engaged in the manufacture, marketing, and sale
of fine leather and mixed material products including handbags, wallets, accessories,
eyewear, footwear, jewelry, and watches.  Coach sells its goods through its own specialty
retail stores, department stores, catalogs and via an internet website www.coach.com
throughout the United States.

12.     Coach has used a variety of legally-protected trademarks, trade dresses,
and design elements/copyrights for many years on and in connection with the
advertisement and sale of its products, including those detailed in paragraphs 14-24 of
this Complaint (together, the "Coach Marks").

13.     Coach has expended substantial time, money, and other resources in
developing, advertising, and otherwise promoting the Coach Marks.  As a result, products
bearing the Coach Marks are widely recognized and exclusively associated by
consumers, the public, and the trade as being high quality products sourced from Coach,
and have acquired strong secondary meaning.  Coach products have also become among
the most popular in the world, with Coach's annual global sales currently exceeding three
billion dollars.  Coach continues to invest substantial sums in promoting its products and
services offered under the Coach Marks.

**The Coach Trademarks**

14.     Coach is the owner of the following United States Federal Trademark

Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,579,358 | COACH | 20 for *inter alia* pillows, mirrors and glassware. | June 6, 2002 | COACH |
| 2,074,972 | COACH | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | July 1, 1997 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for *inter alia* bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,832,740 | CC & DESIGN (Signature C) | 28 for *inter alia* stuffed animals. | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,072,459 | CL STYLIZED | 18 for *inter alia* leather goods. | March 28, 2006 |  |
| 3,187,894 | CL STYLIZED | 18, 25 for *inter alia* leather goods and clothing. | December 12, 2006 |  |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 |  |

15.     These registrations[1] are valid, subsisting, in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.

16.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

---

[1]  All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.  This is not intended to be an exhaustive listing of Coach's trademarks.

17.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

18.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

19.     The Coach Trademarks have been continuously used and have never been abandoned.

20.     As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and its products, services, and goodwill.  Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

### The Coach Trade Dress

21.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

22.     Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

23.     The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

24.     Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

**Copyrights**

25.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Laws.  These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. Sections 101 <u>et seq</u>. (hereinafter referred to as the "Coach Design Elements").

26.     Coach also has a variety of valid copyrights registered with the Copyright Office for its Design Elements, including the Signature C Design, with registration number VA-0001228917.

27.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Coach Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

**Defendants' Acts of Infringement and Unfair Competition**

28.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia, and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements (hereinafter referred to as the "Infringing Products").  Defendants' specific conduct includes, among other things:

29.     Defendants offer for sale counterfeit Coach products as an enticement to attract potential customers to their business.

30.     On or about March 4, 2011, an investigator of the firm Investigation Services Company (hereinafter, "ISC") entered the premises at 10788 Harry Hines

Boulevard, Dallas, Texas 75220.   Once inside, the investigator noted several Coach counterfeit trademarked items, including wallets, belts, cellular phone cases, and boots on display.   The investigator paid $60.00 total for one (1) Coach trademarked wallet.   The investigator paid with a credit card and the receipt provided identified the business name as "La Cabana Western Wear."

31.   The wallet is counterfeit.

32.   Defendants offered for sale several different colors and styles of counterfeit Coach wallets, belts, boots, and cellular phone cases and, upon information and belief, continue to do so.

33.   Defendants are not, and never have been, an authorized retailer of Coach merchandise.

34.   Defendant Portillo contributes to these infringing acts by allowing Defendant La Cabana to display and distribute counterfeit Coach products at the location.

35.   Defendant Portillo was aware, or should have been aware, or was willfully blind of these infringing activities.   Further, Defendant Portillo had an obligation and ability to control and stop these infringements, but failed to do so.   Indeed, Defendant Portillo did not want the infringement to stop as, upon information and belief, she received direct financial benefits from the infringement.   These acts and failures to act by Defendant Portillo materially contributed to the infringement.

36.   All the Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Marks, the Coach Trade Dresses, and the Coach Design Elements, and the incalculable goodwill associated therewith.

37.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Marks, the Coach Trade Dresses, or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

38.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

39.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

40.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.

41.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

42.     Coach repeats and realleges the allegations set forth in paragraphs 1-41.

43.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach's Trademarks.

44.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public,

and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

45.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

46.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

47.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

48.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

49.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
## (Trademark Infringement, 15 U.S.C. § 1114)

50.     Coach repeats and realleges the allegations set forth in paragraphs 1-49.

51.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

52.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

53.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

54.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

55.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

56.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

57.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

58.     Coach repeats and realleges the allegations set forth in paragraphs 1-57.

59.     The Coach Trade Dresses are used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

60.     Upon information and belief, Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

61.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Coach Trade Dresses with Coach.

Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Infringing Products.

62.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

63.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

64.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

65.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

66.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IV
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

67.     Coach repeats and realleges the allegations set forth in paragraphs 1-66.

68.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the

Infringing Products have been authorized, sponsored, approved, endorsed or licensed by

Coach, or that Defendants are in some way affiliated with Coach.

69.     The foregoing acts of Defendants constitute a false designation of origin,

and false and misleading descriptions and representations of fact, all in violation of

Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

70.     Upon information and belief, Defendants have made and will continue to

make substantial profits and gains to which they are not in law or equity entitled.

71.     Upon information and belief, Defendants intend to continue their

infringing acts, unless restrained by this Court.

72.     Defendants' acts have damaged and will continue to damage Coach, and

Coach has no adequate remedy at law.

### COUNT V
### (Trademark Dilution, 15 U.S.C. § 1125(c))

73.     Coach repeats and realleges the allegations set forth in paragraphs 1-72.

74.     The Coach Trademarks are strong and distinctive marks that have been in

use for many years and have achieved enormous and widespread public recognition.

75.     The Coach Trademarks are famous within the meaning of Section 43(c) of

the Lanham Act (15 U.S.C. § 1125(c)).

76.     Defendants' use of the Infringing Products, without authorization from

Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the

capacity of such marks to identify and distinguish Coach products.

77.     Defendants have intentionally and willfully diluted the distinctive quality

of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15

U.S.C. § 1125(c)).

78.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

79.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

80.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VI
### (Copyright Infringement, 17 U.S.C. § 501)

81.     Coach repeats and realleges the allegations set forth in paragraphs 1-80.

82.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 et seq.).

83.     Coach complied in all respects with the Copyright Act, 17 U.S.C. §101 et seq., and with all other laws governing copyrights.  Coach has a valid, registered copyright in the Signature C design.  Since registering its copyright in the Signature C design, Coach has been the sole proprietor of all rights, title, and interest in and to the copyright.  (17 U.S.C. § 106).

84.     Upon information and belief, Defendants had access to and copied the Signature C Design and other Coach Design Elements present on Coach products.

85.     Defendants intentionally infringed Coach's copyrights in the Signature C design and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the Signature C Design and other Design Elements present on Coach products, without Coach's consent or authorization.

86.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501 et seq.

87.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

88.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

89.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT VII
### (Common Law Trademark Infringement)

90.     Coach repeats and realleges the allegations set forth in paragraphs 1-89.

91.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

92.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to the Coach Trademarks.

93.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

94.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

95.     Defendants' acts constitute trademark infringement in violation of the common law of the State of Texas.

96.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

97.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

98.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VIII
### (Injury to Business Reputation and Trademark Dilution, § 16.29 T.B.C.C.)

99.     Coach repeats and realleges the allegations set forth in paragraphs 1-98.

100.    The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

101.    Through prominent, long, and continuous use in commerce, including commerce within the State of Texas, the Coach Trademarks have become and continue to be famous and distinctive.

102.    Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products and has caused a likelihood of harm to Coach's business reputation.

103.    Based on the foregoing acts, Defendants have diluted the distinctive quality of the famous Coach Trademarks in violation of Section 16.29 of the Texas Business and Commerce Code.

104.     The foregoing acts of Defendants also constitute injury to Coach's business reputation in violation of Section 16.29 of the Texas Business and Commerce Code.

105.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

106.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

107.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT IX
### (Common Law Unfair Competition)

108.     Coach repeats and realleges the allegations set forth in paragraphs 1-107.

109.     The foregoing acts of Defendants permit Defendants to use and benefit from the goodwill and reputation earned by Coach and to obtain a ready customer acceptance of Defendants' products, and constitute unfair competition, palming off, and misappropriation in violation of Texas common law, for which Coach is entitled to recover any and all remedies provided by such common law.

110.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

111.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

112.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT X
### (Common Law Unjust Enrichment)

113.     Coach repeats and realleges the allegations set forth in paragraphs 1-112

114.     By reason of the foregoing, Defendants have unjustly enriched themselves, and continue to do so, in an unknown amount.

115.     Coach is entitled to just compensation under the common law of the State of Texas.

## COUNT XI
### (Attorney Fees)

116.     Coach repeats and realleges the allegations set forth in paragraphs 1-115.

117.     Coach is entitled to an award of attorney fees and costs under 17 U.S.C. § 505.

118.     Coach is also entitled to an award of attorney fees and costs under 15 U.S.C. § 1117(a).

## CONDITIONS PRECEDENT

119.     All conditions precedent have been performed or have occurred.  (FED. R. CIV. P. 9(c)).

## PRAYER

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A.       Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have injured Coach's business reputation and

diluted the Coach Trademarks in violation of § 16.29 of the T.B.C.C.; (iv) Defendants

have engaged in trademark infringement and unfair competition under the common law

of Texas; and (v) Defendants have been unjustly enriched in violation of Texas common

law.

  B.  Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil

Procedure, 15 U.S.C. § 1116, 17 U.S.C. § 502, and § 16.29 T.B.C.C, preliminarily and

permanently restraining and enjoining Defendants, their officers, agents, employees, and

attorneys, and all those persons or entities in active concert or participation with them

from:

  1. manufacturing, importing, advertising, marketing, promoting,

supplying, distributing, offering for sale, or selling any products which bear the Coach

Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other

mark or design element substantially similar or confusing thereto, including, without

limitation, the Infringing Products, and engaging in any other activity constituting an

infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade

Dresses, and/or the Coach Design Elements;

  2. engaging in any other activity constituting unfair competition with

Coach, or acts and practices that deceive consumers, the public, and/or trade, including

without limitation, the use of designations and design elements associated with Coach;

and

  3. engaging in any other activity that will cause the distinctiveness of the

Coach Trademarks or Coach Trade Dresses to be diluted.

C.      Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.      Requiring Defendants to file with this Court and serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.      Awarding Coach statutory damages of $2,000,000 per counterfeit mark per type of good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H.      Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

I.      Awarding Coach its costs, attorneys fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505);

J.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendant; and

K.      Awarding Coach such additional and further relief as the Court deems just and proper.

Dated: March 25, 2011                       Respectfully submitted,

                                            **FISH & RICHARDSON P.C.**


                                            By:  /s/ *Natalie L. Arbaugh*
                                                 Natalie L. Arbaugh
                                                 Attorney-in-Charge
                                                 nla@fr.com
                                                 Texas Bar No. 24033378
                                                 Victor C. Johnson
                                                 vjohnson@fr.com
                                                 Texas Bar No. 24029640
                                                 1717 Main Street, Suite 5000
                                                 Dallas, Texas  75201
                                                 (214) 747-5070
                                                 (214) 747-2091 - facsimile

                                            **COUNSEL FOR PLAINTIFFS**
                                            **COACH, INC. and COACH SERVICES, INC.**

🖎JS 44   (Rev. 12/07)                              CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
COACH, INC. AND COACH SERVICES, INC.

**DEFENDANTS**
PORTILLO MUNOZ CORPORATION D/B/A LA CABANA WESTERN WEAR AND ELVIRA PORTILLO

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Natalie L. Arbaugh
Fish & Richardson P.C., 1717 Main Street, Suite 5000
Dallas, TX 75201 (214-747-5070)

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government
        Plaintiff
- ☐ 2  U.S. Government
        Defendant
- ☒ 3  Federal Question
        (U.S. Government Not a Party)
- ☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN**   (Place an "X" in One Box Only)

- ☒ 1 Original
      Proceeding
- ☐ 2 Removed from
      State Court
- ☐ 3 Remanded from
      Appellate Court
- ☐ 4 Reinstated or
      Reopened
- ☐ 5 Transferred from
      another district
      (specify)
- ☐ 6 Multidistrict
      Litigation
- ☐ 7 Appeal to District
      Judge from
      Magistrate
      Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 U.S.C. § 1114, 1116, 1117, 1125(a), (c), and (d); 17 U.S.C. § 501 et seq.
Brief description of cause:
Trademark and trade dress infringement, trademark dilution, copyright infringement

**VII. REQUESTED IN**
**COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

**VIII. RELATED CASE(S)**
**IF ANY**
(See instructions):
JUDGE _____

DOCKET NUMBER _____

DATE
03/25/2011

SIGNATURE OF ATTORNEY OF RECORD
/s/ Natalie L. Arbaugh

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____