# Exhibit C

# FISH & RICHARDSON P.C.

1717 MAIN STREET
SUITE 5000
DALLAS, TEXAS
75201

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
214 747-5070

Facsimile
214 747-2091

Web Site
www.fr.com

August 12, 2011

Kaaren P. Shalom
214 292-4065

Email
shalom@fr.com

**FR**

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

HOUSTON

MUNICH

NEW YORK

SILICON VALLEY

SOUTHERN CALIFORNIA

TWIN CITIES

WASHINGTON, DC

*Via Facsimile and Electronic Mail*
*(jmllawoffice2000@yahoo.com)*

John M. Lozano, Esq.
Law Office of John M. Lozano
9900 Starlight Road, Suite 200
Dallas, TX 75220

Re:   *Coach, Inc. and Coach Services, Inc. v. Portillo Munoz Corporation d/b/a La Cabana Western Wear and Elvira Portillo;* Case No. 3:11-cv-00612-M; United States District Court, Northern District of Texas, Dallas Division

Dear Mr. Lozano:

I have enclosed (i) Plaintiffs' First Set of Interrogatories to Defendants Portillo Munoz Corporation d/b/a La Cabana Western Wear and Elvira Portillo; (ii) Plaintiffs' First Requests for Production to Defendants Portillo Munoz Corporation d/b/a La Cabana Western Wear and Elvira Portillo; and (iii) Plaintiffs' First Set of Requests for Admission to Defendants Portillo Munoz Corporation d/b/a La Cabana Western Wear and Elvira Portillo regarding the above-referenced matter.

Very truly yours,

Kaaren P. Shalom

KPS:dzp
Enclosures

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

COACH, INC. AND COACH SERVICES,
INC.,

        **Plaintiffs,**

        v.

PORTILLO MUNOZ CORPORATION
D/B/A LA CABANA WESTERN WEAR
AND ELVIRA PORTILLO,

        **Defendants.**

Civil Action No. 3:11-cv-00612-M

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS PORTILLO MUNOZ CORPORATION D/B/A LA CABANA WESTERN WEAR AND ELVIRA PORTILLO

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

In accordance with FRCP 34, Defendants must serve within thirty (30) days after service of this Request a written response, responding separately to each item or category of item included in the Request by a statement that Defendants will comply with the particular request for inspection, a representation that Defendants lacks the ability to comply with the particular demand, or an objection to the particular demand.

## I.    **DEFINITIONS AND INSTRUCTIONS**

**A.**    **Definitions**

Unless a contrary meaning clearly appears in the context, the following definitions shall apply to these requests:

1.    "COACH MARKS" refer to those set forth in Paragraphs 14-24 of the Complaint.

2.    "PERSON(S)" shall mean a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

3.     As used herein, the words "DOCUMENT(S)" or "WRITING(S)" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence and Federal Rules of Civil Procedure, and includes but is not limited to the original or a copy of electronic transmissions, handwriting, typewriting, printing, photostating, photographing, any drafts and every other means of recording upon any tangible thing and form of communicating or representation, including electronic transmissions, letters, words, pictures, sounds or symbols, or a combination thereof.

4.     The term "IDENTIFY" when used with respect to a person, shall be understood to request the name, address, and capacity in which such natural person or individual acted with respect to the subject matter of the request in which identification of such natural person or individual is requested.

5.     The term "IDENTIFY" when used with respect to an act or other form of conduct, shall be understood to require the date on which, and the place at which, such an act or conduct is claimed to have occurred, the name, address and capacity of each individual who did such act, and the name, address, and capacity of each individual present or who otherwise witnesses such an act or other conduct being done or performed.

6.     "IDENTIFY" with respect to a "DOCUMENT," means to state the type of document, the title by which it is referred, the date of the document, the identity of its author(s) or the person(s) creating the document, the identity of each person to whom the document was addressed or sent, any file number used in connection with the document, present location of the original and all copies thereof, and a general description of the subject matter. When requested to "identify" a document, Defendants may answer by voluntarily attaching a copy of the document to the answer to the interrogatory.

7.     "COMMUNICATE" and "COMMUNICATIONS" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

8.     The term "FILE" shall mean and refer to any documents organized in any manner so as to correspond to a specific subject or person category.

9.     A document "RELATING TO" or "RELATED TO" a given subject matter means any document that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject.

10.     "ADDRESS(ES)" means the street address, including the city, state, and zip code.

11.     "YOU," "YOUR," and "DEFENDANTS," refers to Defendant PORTILLO MUNOZ CORPORATION D/B/A LA CABANA WESTERN WEAR, ELVIRA PORTILLO, and/or to any past or present officers, employees, and/or agents of said Defendants.

12.     "COACH" or "PLAINTIFF" refers to Plaintiff Coach, Inc. and Plaintiff Coach Services, Inc. and/or to any of their past or present officers, employees and/or agents.

13.     "COMPLAINT" refers to the Original Complaint and any subsequent amended complaint(s) filed in the above titled and number action.

14.     "CC & DESIGN" refers to composites of Coach's Signature "C" logo (U.S. Reg. Nos. 2,626,565; 2,822,318; and 2,832,589 - see below), which appears on various COACH-branded products, including handbags, sunglasses and mixed material goods.



15.    "HORSE AND CARRIAGE" refers to (U.S. Reg. No. 3,441,671; U.S. Copyright No. VA0001714051—see below) which appears on various COACH-branded products, including handbags and mixed material goods.



16.    "COACH OP ART DESIGN" refers to (U.S. Reg. No. 3,696,470), which appears on various COACH -branded products, including bags, umbrellas, and shoes.



17.    "COACH & LOZENGE DESIGN" refers to (U.S. Reg. No. 1,309,779), which appears on various COACH -branded products, including wallets, handbags, and shoulder bags.



18.    "COACH STYLIZED" refers to (U.S. Reg. No. 3,338,048), which appears on various COACH -branded products, including luggage, backpacks and shoulder bags.



19.    "COACH EST. 1941 STYLIZED" refers to (U.S. Reg. No. 3,413,536), which appears on various COACH -branded products, including handbags, purses, shoulder bags, tote bags, and wallets.



20.     The CC & DESIGN, HORSE AND CARRIAGE DESIGN, COACH OP ART DESIGN, COACH & LOZENGE DESIGN, COACH STYLIZED and COACH EST. 1941 STYLIZED will hereinafter be collectively referred to as the COACH DESIGNS.

21.     "INFRINGING PRODUCTS" refers to products, or materials from which such products are made, featuring a pattern, design, mark, or logo that is identical, substantially indistinguishable from, or confusingly similar to any of the COACH DESIGNS and/or COACH MARKS, including any such product possessed, offered for sale, or sold by you such as the products made the subject of the Complaint.

**B.     Documents Withheld**

If any document is withheld under a claim of privilege or other protection, so as to aid the Court and the parties hereto to determine the validity of the claim of privilege or other protection, please provide a privilege log with the following information with respect to any such document:

1.     The identity of the person(s) who prepared the document, who signed it, and over whose name it was sent or issued;

2.     The identity of the person(s) to whom the document was directed;

3.     The nature and substance of the document with sufficient particularity to enable the Court and parties hereto to identify the document;

4.     The date of the document;

5.     The identity of the person(s) having custody of or control over the document and each copy thereof;

6.     The identity of each person to whom copies of the document were furnished;

and

    7.    The basis on which any privilege or other protection is claimed.

**C.**    **Partial Production**

Whenever Defendants object to a particular demand, or portion thereof, Defendants must produce all documents called for which are not subject to that objection. Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Defendants' knowledge, information and belief and with as much particularity as possible, those portions of the document which are not produced.

**D.**    **Construction of "And" and "Or"**

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this Demand any document which would otherwise not be brought within its scope.

**E.**    **Construction of the Singular and Plural Forms**

As used herein, the singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of this Demand any document which would otherwise not be brought within its scope.

## II.    REQUESTS TO PRODUCE

**REQUEST NO. 1:**    All DOCUMENTS that refer or relate to YOUR past and present orders or inventory of INFRINGING PRODUCTS or of any products that contain designs or logos that are identical, substantially indistinguishable from, and/or confusingly similar to any of the COACH MARKS.

**REQUEST NO. 2:**    All DOCUMENTS, including catalogues, brochures, and line guides, both online and in print, dating back to 2001.

**REQUEST NO. 3:**   All DOCUMENTS which identify each type of product bearing the COACH DESIGNS and/or COACH MARKS that have been purchased, marketed, distributed, offered for sale, and/or sold by YOU.

**REQUEST NO. 4:**   Samples of all INFRINGING PRODUCTS and/or products bearing the COACH DESIGNS or COACH MARKS that have been possessed, offered for sale, or sold by YOU.

**REQUEST NO. 5:**   All DOCUMENTS sufficient to identify all PERSON(S) involved in the production and manufacturing of INFRINGING PRODUCTS which have been possessed, ordered, offered for sale, or sold by YOU.

**REQUEST NO. 6:**   All DOCUMENTS sufficient to identify all PERSON(S) involved in the selection and purchase of INFRINGING PRODUCTS which have been possessed, ordered, offered for sale, or sold by YOU.

**REQUEST NO. 7:**   All DOCUMENTS sufficient to identify all PERSON(S) from whom YOU ordered and/or purchased the INFRINGING PRODUCTS.

**REQUEST NO. 8:**   All DOCUMENTS sufficient to identify all PERSON(S) to whom YOU sold INFRINGING PRODUCTS.

**REQUEST NO. 9:**   Monthly, quarterly, and/or annual cash flow and other financial statements for INFRINGING PRODUCTS sold by YOU in the United States.

**REQUEST NO. 10:**   Accounts receivable ledgers, journals, ledger cards, invoices, and/or other records utilized to record the amount due from customers for all INFRINGING PRODUCTS sold by YOU in the United States.

**REQUEST NO. 11:** Weekly, monthly, quarterly and/or annual summaries of sales of INFRINGING PRODUCTS sold in the United States, including but not limited to, customer services and/or products sold and sales price, listed by product description, code number.

**REQUEST NO. 12:**   Credit memos and/or any other documentation used to record and/or summarize credits to customers for all INFRINGING PRODUCTS sold by YOU in the United States.

**REQUEST NO. 13:**   Analysis and/or breakdowns of fixed and variable expenses and/or any documentation of expenses classified as fixed and variable for all INFRINGING PRODUCTS sold by YOU in the United States.

**REQUEST NO. 14:**   Projection records, including but not limited to all journals, registers or documentation used to record and document production costs, unit production costs, and gross margin/profit of INFRINGING PRODUCTS sold by YOU in the United States.

**REQUEST NO. 15:**   All DOCUMENTS which reflect the annual profits and revenues received by YOU from the sale or distribution of INFRINGING PRODUCTS.

**REQUEST NO. 16:**   COMMUNICATIONS regarding distribution, offering for sale, and/or sale of INFRINGING PRODUCTS.

**REQUEST NO. 17:**   Marketing, merchandising, public relations, and/or advertising, including but not limited to print advertisements, television advertisements, store displays, websites, and billboards featuring the INFRINGING PRODUCTS.

**REQUEST NO. 18:**   Marketing, merchandising, public relations, and/or advertising, including but not limited to print advertisements, television advertisements, store displays, websites, and billboards featuring products bearing any COACH MARK or COACH DESIGN.

**REQUEST NO. 19:**   All DOCUMENTS that identify the past and present trade channels and means of distribution for products sold by YOU.

**REQUEST NO. 20:**   All DOCUMENTS that refer or relate to any list or description of YOUR actual or intended customers, or types of customers.

**REQUEST NO. 21:**   COMMUNICATIONS between YOU and COACH.

**REQUEST NO. 22:**   Non-privileged COMMUNICATIONS between YOU and anyone else regarding the allegations set forth in the COMPLAINT.

**REQUEST NO. 23:**   All COMMUNICATIONS regarding the sale or potential sale of COACH-branded products to consumers.

**REQUEST NO. 24:**   All COMMUNICATIONS with potential or existing providers of INFRINGING PRODUCTS to YOU.

**REQUEST NO. 25:**   Licensing agreements between YOU and COACH.

**REQUEST NO. 246:**   All DOCUMENTS which identify any and all predecessors in interest of YOU, and all past and present parents, subsidiaries, divisions, and other affiliates, owned or controlled, in whole or in part, by it including their names and ADDRESSES, form of organization, principal type of business and the inclusive dates or period so engaged in such, and the name, ADDRESS, and job title of each director, partner or officer thereof.

**REQUEST NO. 25:**   All DOCUMENTS that describe the organizational structure of YOU in the United States, including an identification and listing of the responsibilities of each investor, officer, partner, director, and managerial employee, and the period during which each has served.

**REQUEST NO. 26:**   All DOCUMENTS that evidence any and all instances of actual confusion between YOUR goods and COACH's goods. "Actual confusion" means any instance in which any person has:

1.    by word or deed, suggested a belief that, or inquired as to whether YOU are licensed, sponsored by, or otherwise associated or connected with COACH or YOUR products, or vice-versa;

2.    by word or deed, suggested a belief that, or inquired as to whether, YOUR products are offered by or under the control of, or in any manner related to COACH or any of COACH's products, or vice-versa; and

3.    been in any way confused, mistaken, or deceived as to the origin or sponsorship of any products sold or offered for sale by YOU or COACH.

**REQUEST NO. 27:**    Accusations of trademark and/or copyright infringement, including but not limited to the receipt of cease and desist letters, directed towards YOU or its officers, directors, or employees.

**REQUEST NO. 28:**    COMMUNICATIONS with, or actions by, any law enforcement agency, including but not limited to U.S. Customs, regarding the importation of any counterfeit, or allegedly counterfeit products.

**REQUEST NO. 29:**    Any customer complaints made to or by YOU regarding the INFRINGING PRODUCTS.

**REQUEST NO. 33:**    YOUR policies regarding the retention and destruction of documents.

**REQUEST NO. 34:**    Any policy of insurance through which YOU might be insured in any manner for the damages, claims, or actions alleged in the COMPLAINT.

**REQUEST NO. 35:**    All DOCUMENTS that refer or relate to or evidence YOUR use, offer of sale or sale of the COACH DESIGNS and/or COACH MARKS.

**REQUEST NO. 36:**    All DOCUMENTS that refer or relate to or evidence inquiries YOU have received from consumers about whether any of YOUR products were imitations or replicas of Coach products or the COACH DESIGNS and/or COACH MARKS.

**REQUEST NO. 37:**    All DOCUMENTS that refer or relate to or evidence the reason(s) for YOUR decision to acquire and offer for sale the INFRINGING PRODUCTS, including the infringing products specifically identified in the COMPLAINT.

**REQUEST NO. 38:**    All DOCUMENTS that refer or relate to or evidence the inspiration behind the creation of and/or the design of the INFRINGING PRODUCTS which YOU offered for sale, as alleged in the COMPLAINT.

**REQUEST NO. 41:**    All DOCUMENTS that refer or relate to or evidence all brochures, catalogs, pamphlets, websites, or other documents advertising the INFRINGING PRODUCTS and/or products bearing the COACH DESIGNS and/or COACH MARKS.

**REQUEST NO. 42:**    Copies of all monthly statements for financial accounts YOU have used within the last five (5) years, including personal and business statements.  YOUR answer should include all checking, savings, and investment accounts, as well as all credit card accounts and merchant accounts, tax returns, and paychecks.

**REQUEST NO. 43:**    All DOCUMENTS that refer or relate to or evidence inquiries regarding the date when YOU first became aware of the COACH DESIGNS and/or COACH MARKS.

**REQUEST NO. 44:**    All DOCUMENTS between YOU and any third party concerning YOUR use, misuse, or alleged misuse of any trademark.

**REQUEST NO. 45:**    All DOCUMENTS that support or refute any of Coach's allegations in the COMPLAINT filed in this action.

**REQUEST NO. 30:**    All DOCUMENTS identified in, reviewed, or relied on by YOU in responding to Plaintiffs' First Set of Interrogatories to Defendants and to these document requests.

**REQUEST NO. 31:**    All DOCUMENTS that refer or relate to or evidence the channels of trade through which YOU market any goods or services, including but not limited to INFRINGING PRODUCTS or other goods bearing the COACH DESIGNS and/or COACH MARKS.

**REQUEST NO. 32:**    All DOCUMENTS that refer or relate to or evidence any objection, cease and desist letter, litigation, proceeding, or dispute involving allegations similar to those that are the subject of this lawsuit.

**REQUEST NO. 33:**    Copies of YOUR income taxes filed with the federal or and state government for last five (5) years.

**REQUEST NO. 34:**    All DOCUMENTS that refer or relate to or evidence YOUR payment of sales taxes for the last five (5) years.

**REQUEST NO. 35:**    Copies of all financial statements, audited and unaudited, for the last five (5) years.

**REQUEST NO. 36:**    Copies of all balance sheets, audited and unaudited, for the last five (5) years.

**REQUEST NO. 37:**    All DOCUMENTS that refer or relate to or evidence the origin, conception, selection, development, and adoption of the marks used on the INFRINGING PRODUCTS or other goods in YOUR possession or that YOU have previously offered for sale bearing the COACH DESIGNS and/or COACH MARKS.

**REQUEST NO. 38:**   All DOCUMENTS sufficient to identify all products sold to YOU or shipped to YOU by any foreign company or any other source from which you purchased INFRINGING PRODUCTS.

**REQUEST NO. 39:**   All COMMUNICATIONS with any PERSON regarding the sales, advertising, manufacture, licensing, and/or distribution of INFRINGING PRODUCTS bound for the United States.

Dated:  August 12, 2011

Respectfully submitted,

FISH & RICHARDSON P.C.

By:  _____
Natalie L. Arbaugh
Attorney-in-Charge
arbaugh@fr.com
Texas Bar No. 24033378
Kaaren P. Shalom
shalom@fr.com
Texas Bar No. 24063960
1717 Main Street, Suite 5000
Dallas, Texas  75201
(214) 747-5070
(214) 747-2091 - facsimile

**COUNSEL FOR PLAINTIFFS**
**COACH, INC. and COACH SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on opposing counsel as follows:

*Via Facsimile and Electronic Mail*
*jmllawoffice2000@yahoo.com*
John M. Lozano
Law Office of John M. Lozano
9900 Starlight Road, Suite 200
Dallas, TX 75220

_____
Kaaren P. Shalom

90537350.doc

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS,
DALLAS DIVISION

COACH, INC. AND COACH SERVICES,
INC.,

        **Plaintiffs,**

    v.

PORTILLO MUNOZ CORPORATION
D/B/A LA CABANA WESTERN WEAR
AND ELVIRA PORTILLO,

        **Defendants.**

Civil Action No. 3:11-cv-00612-M

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS PORTILLO MUNOZ CORPORATION D/B/A LA CABANA WESTERN WEAR AND ELVIRA PORTILLO

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants PORTILLO MUNOZ CORPORATION D/B/A LA CABANA WESTERN WEAR and ELVIRA PORTILLO (collectively, "Defendants") are requested, pursuant to Rule 33 of the Federal Rules of Civil Procedure, to fully answer each of the following interrogatories under oath within thirty (30) days after service of this request. Each answer must be complete and straightforward as the information reasonably available to you permits. If you do not have enough information to fully answer, you must make a reasonable and good faith effort to get the requested information by asking other persons or organizations.

It is intended by these interrogatories to elicit information not merely within your own personal knowledge but obtainable by you, including information in possession of "anyone acting on your behalf," such as your attorney, investigators, insurance carriers and their representatives.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

## I.    DEFINITIONS AND INSTRUCTIONS

### A.    Definitions

Unless a contrary meaning clearly appears in the context, the following definitions shall apply to these requests:

1.      "COACH MARKS" refer to those set forth in Paragraphs 14-24 of the Complaint.

2.      "PERSON(S)" shall mean a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

3.      As used herein, the words "DOCUMENT(S)" or "WRITING(S)" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence and Federal Rules of Civil Procedure, and includes but is not limited to the original or a copy of electronic transmissions, handwriting, typewriting, printing, photostating, photographing, any drafts and every other means of recording upon any tangible thing and form of communicating or representation, including electronic transmissions, letters, words, pictures, sounds or symbols, or a combination thereof.

4.      The term "IDENTIFY" when used with respect to a person, shall be understood to request the name, address, and capacity in which such natural person or individual acted with respect to the subject matter of the request in which identification of such natural person or individual is requested.

5.      The term "IDENTIFY" when used with respect to an act or other form of conduct, shall be understood to require the date on which, and the place at which, such an act or conduct

is claimed to have occurred, the name, address, and capacity of each individual who did such act, and the name, address, and capacity of each individual present or who otherwise witnesses such an act or other conduct being done or performed.

6.     "IDENTIFY" with respect to a "DOCUMENT," means to state the type of document, the title by which it is referred, the date of the document, the identity of its author(s) or the person(s) creating the document, the identity of each person to whom the document was addressed or sent, any file number used in connection with the document, present location of the original and all copies thereof, and a general description of the subject matter. When requested to "identify" a document, Defendants may answer by voluntarily attaching a copy of the document to the answer to the interrogatory.

7.     "COMMUNICATE" and "COMMUNICATION" mean and include any meeting, conference, face-to-face conversation, telephone conversation, or conference or communication used by any media, as well as any written, taped, or recorded communication of any kind whatsoever.

8.     The term "FILE" shall mean and refer to any documents organized in any manner so as to correspond to a specific subject or person category.

9.     A document "RELATING TO" or "RELATED TO" a given subject matter means any document that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject.

10.     "ADDRESS(ES)" means the street address, including the city, state, and zip code.

11.     "YOU," "YOUR," and "DEFENDANTS," refers to Defendants PORTILLO MUNOZ CORPORATION D/B/A LA CABANA WESTERN WEAR, ELVIRA PORTILLO and/or any past or present officers, employees, and/or agents of said Defendants.

12.    "COACH" or "PLAINTIFF" refers to Plaintiff Coach, Inc. and Plaintiff Coach Services, Inc., and/or to any of their past or present officers, employees, and/or agents.

13.    "COMPLAINT" refers to the Original Complaint and any subsequent amended complaint(s) filed in the above titled and number action.

14.    "CC & DESIGN" refers to composites of Coach's Signature "C" logo (U.S. Reg. Nos. 2,626,565; 2,822,318; and 2,832,589 - see below), which appears on various Coach-branded products, including handbags, wallets, and mixed material goods.



15.    "HORSE AND CARRIAGE" refers to (U.S. Reg. No. 3,441,671; U.S. Copyright No. VA0001714051—see below) which appears on various Coach-branded products, including handbags and mixed material goods.



16.    "COACH OP ART DESIGN" refers to (U.S. Reg. No. 3,696,470), which appears on various Coach-branded products, including bags, umbrellas, and shoes.



17.    "COACH & LOZENGE DESIGN" refers to (U.S. Reg. No. 1,309,779), which appears on various Coach-branded products, including wallets, handbags, and shoulder bags.



18.     "COACH STYLIZED" refers to (U.S. Reg. No. 3,338,048), which appears on various COACH-branded products, including luggage, backpacks and shoulder bags.



19.     "COACH EST. 1941 STYLIZED" refers to (U.S. Reg. No. 3,413,536), which appears on various Coach-branded products, including handbags, purses, shoulder bags, tote bags, and wallets.



20.     The CC & DESIGN, HORSE AND CARRIAGE DESIGN, COACH OP ART DESIGN, COACH & LOZENGE DESIGN, COACH STYLIZED and COACH EST. 1941 STYLIZED will hereinafter be collectively referred to as the COACH DESIGNS.

21.     "INFRINGING PRODUCTS" refers to products, or materials from which such products are made, featuring a pattern, design, mark, or logo that is identical, substantially indistinguishable from, or confusingly similar to any of the COACH DESIGNS and/or COACH MARKS, including any such product possessed, offered for sale, or sold by you such as the products made the subject of the Complaint.

## II.     INTERROGATORIES

**INTERROGATORY NO. 1:**     IDENTIFY in detail all INFRINGING PRODUCTS (*i.e.,* Coach-branded; products bearing the word "COACH," the COACH DESIGNS, or any of the COACH MARKS) sold by YOU by setting forth: the (a) item number; (b) item description (type of product); (c) number sold; (d) date(s) sold; (e) date first purchased; (f) date last purchased; and (g) how such items were sold.

**ANSWER:**

**INTERROGATORY NO. 2:**    For each product identified in response to Interrogatory No. 1, IDENTIFY the current or projected wholesale and retail sales price for each product.

**ANSWER:**

**INTERROGATORY NO. 3:**    For each product identified in response to Interrogatory No. 1, state the actual and/or intended classes or types of purchasers, customers, or users to which the good is advertised, made, distributed, directed, offered for sale, sold, and/or intended to be advertised, made, distributed, directed, offered for sale, or sold.

**ANSWER:**

**INTERROGATORY NO. 4:**    For each product identified in response to Interrogatory No. 1, IDENTIFY the amount of revenues, profits, payments, royalties, and/or income YOU received in connection with the sale of each identified product by setting forth the date, amount, and source of such revenue, profits, payments, royalties, and/or income, and YOUR cost to purchase the product, corresponding to each particular product sold.

**ANSWER:**

**INTERROGATORY NO. 5:**    IDENTIFY each PERSON who participated in the consideration, design, copying, selection, use, sale, or adoption of the INFRINGING PRODUCTS to be sold by YOU, including a description of each PERSON's role.  In responding to this interrogatory please include a description of the role of any third party with whom YOU would or did communicate to facilitate YOUR purchase or design selection of any INFRINGING PRODUCTS.

**ANSWER:**

**INTERROGATORY NO. 6:**   IDENTIFY each PERSON who participated and/or was involved in the purchase of INFRINGING PRODUCTS by YOU, including any third party with whom YOU communicated to facilitate YOUR purchase of INFRINGING PRODUCTS.

**ANSWER:**

**INTERROGATORY NO. 7:**   IDENTIFY each PERSON who participated and/or was involved in the selling of INFRINGING PRODUCTS by YOU, including any third party with whom YOU communicated to facilitate YOUR purchase of INFRINGING PRODUCTS.

**ANSWER:**

**INTERROGATORY NO. 8:**   IDENTIFY all PERSON(S) to whom YOU sold INFRINGING PRODUCTS by setting forth:

     (a)    Individual or company name, as applicable;
     (b)    Website address, if available;
     (c)    Name of contact PERSON;
     (d)    Mailing and email address; and
     (e)    Telephone number.

**ANSWER:**

**INTERROGATORY NO. 9:**   IDENTIFY all PERSON(S) from whom YOU obtained the INFRINGING PRODUCTS that YOU offered for sale by setting forth:

     (a)    Individual or company name, as applicable;
     (b)    Website address, if available;
     (c)    Name of contact PERSON;

(d)  Mailing and email address; and

(e)  Telephone number.

**ANSWER:**

**INTERROGATORY NO. 10:**  IDENTIFY the date and circumstances under which YOU first became aware of COACH.

**ANSWER:**

**INTERROGATORY NO. 11:**  IDENTIFY the date and circumstances under which YOU first became aware of the COACH MARKS or COACH DESIGNS.

**ANSWER:**

**INTERROGATORY NO. 12:**  For each product or category of INFRINGING PRODUCTS YOU have sold or offered for sale, including those identified in response to Interrogatory No. 1, IDENTIFY the number of units YOU currently have in YOUR possession, custody, or control.

**ANSWER:**

**INTERROGATORY NO. 13:**  IDENTIFY all advertisements in which the INFRINGING PRODUCTS have been promoted by YOU, including all flyers and all offers for sale on the internet.

**ANSWER:**

**INTERROGATORY NO. 14:**   IDENTIFY the date on which the INFRINGING PRODUCTS were first introduced to the public or offered for sale by YOU, where they were introduced, and how.

**ANSWER:**

**INTERROGATORY NO. 15:**   IDENTIFY all predecessors in interest of EL NORTEÑO WESTERN WEAR and all other businesses currently or previously owned by YOU, and all past and present parents, subsidiaries, divisions, and other affiliates, owned or controlled, in whole or in part, by it including their names and ADDRESSES, form of organization, principal type of business and the inclusive dates or period so engaged in such, and the name, ADDRESS and job title of each director, partner, or officer thereof.

**ANSWER:**

**INTERROGATORY NO. 16:**   IDENTIFY all lawsuits of trademark or copyright infringement in which YOU have been a defendant by setting forth:

      (a)     Case name;
      (b)     Case number;
      (c)     Date of lawsuit;
      (d)     Parties involved;
      (e)     Allegations; and
      (f)     Outcome of case.

**ANSWER:**

**INTERROGATORY NO. 17:**   IDENTIFY all instances of actual confusion between YOUR goods and COACH's goods. "Actual confusion" means any instance in which any PERSON has:

      1.     by word or deed, suggested a belief that, or inquired as to whether, is licensed, sponsored by, or otherwise associated or connected with COACH or YOUR products, or vice-versa;

2.    by word or deed, suggested a belief that, or inquired as to whether, YOUR products are offered by or under the control of, or in any manner related to COACH or any of COACH's products, or vice-versa;

3.    been in any way confused, mistaken, or deceived as to the origin or sponsorship of any products sold or offered for sale by an or COACH.

**ANSWER:**

Dated:  August 12, 2011

Respectfully submitted,

FISH & RICHARDSON P.C.

By: _____

    Natalie L. Arbaugh
    Attorney-in-Charge
    arbaugh@fr.com
    Texas Bar No. 24033378
    Kaaren P. Shalom
    shalom@fr.com
    Texas Bar No. 24063960
    1717 Main Street, Suite 5000
    Dallas, Texas  75201
    (214) 747-5070
    (214) 747-2091 - facsimile

**COUNSEL FOR PLAINTIFFS
COACH, INC. and COACH SERVICES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on opposing counsel as follows:

*Via Facsimile and Electronic Mail*
*jmllawoffice2000@yahoo.com*
John M. Lozano
Law Office of John M. Lozano
9900 Starlight Road, Suite 200
Dallas, TX 75220

_____
Kaaren P. Shalom

90537352.doc

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS PORTILLO MUNOZ
CORPORATION D/B/A LA CABANA WESTERN WEAR AND ELVIRA PORTILLO – PAGE 11**

```
****************
***  TX REPORT  ***
********************


TRANSMISSION OK

TX/RX NO              1957
CONNECTION TEL        05#006353531#2143507644#
CONNECTION ID
ST. TIME             08/12 15:38
USAGE T              06'53
PGS. SENT             40
RESULT               OK
```

# FISH & RICHARDSON P.C.

1717 Main Street
Suite 5000
Dallas, Texas
75201

Telephone
214 747-5070

Facsimile
214 747-2091

Web Site
www.fr.com

Kaaren P. Shalom
214 292-4065

Email
shalom@fr.com

Date      August 12, 2011

To      John M. Lozano
        Law Office of John M. Lozano
        9900 Starlight Road, Suite 200
        Dallas, TX 75220
        Telephone:

Facsimile number    25905-006353531 / (214) 350-7644

From    Kaaren P. Shalom

Re      Coach, Inc. and Coach Services, Inc. v. Portillo Munoz Corporation d/b/a La Cabana
        Western Wear and Elvira Portillo
        Our Ref.: 25905-0063LL1

Number of pages
including this page    40

Message    Please see attached.

## Dolores Puente

| | |
|---|---|
| **From:** | Dolores Puente |
| **Sent:** | Friday, August 12, 2011 3:24 PM |
| **To:** | 'jmllawoffice2000@yahoo.com' |
| **Cc:** | Natalie Arbaugh; Kaaren Shalom |
| **Subject:** | Coach v. Portillo Munoz Corporation d/b/a La Cabana: 2011-08-12 Ltr to Lozano fr Shalom encl Coach's First Set of Discovery |
| **Attachments:** | 2011-08-12 Ltr to Lozano fr Shalom encl Pltfs 1st Set of Discovery.pdf |

I have attached a copy of the above-referenced discovery for your review.

Dolores Puente | Legal Assistant | 🐟 Fish & Richardson P.C. | 1717 Main Street | Suite 5000 | Dallas, TX 75201| direct: (214) 292-4061 | main: (214) 747-5070 | facsimile: (214) 747-2091 | puente@fr.com | www.fr.com |